**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN ROCK DIVISION**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**v.**                      **CASE NO. LR-CR-86-57**
                               **LR-CR-86-132**

**JOSEPH FRANCIS VALVERDE, III**                         **DEFENDANT**

**ORDER ON MOTION TO CLARIFY RULING AND RESENTENCE**

Presently before the Court is Mr. Valverde's Motion to Clarify Ruling and Resentence.

**BACKGROUND**

On September 16, 1986, in Case No. LR-CR-86-57, this Court sentenced Defendant to 50 years in prison with 9 years of special parole. The Court also imposed a fine of $250,000 on three counts for a total fine of $750,000. The underlying charges involved importing, possessing with intent to distribute marijuana in violation of 21 U.S.C. §§ 952 and 841, and making a false material declaration in violation of 18 U.S.C. § 1623.

On March 31, 1987, in Case No. LR-CR-86-132, this Court sentenced the Defendant to 7 years in prison (to run concurrent with the sentence in LR-CR-86-57) and imposed a fine of $50,000 on each of the four counts for a total fine of $200,000. The charges included conspiracy to escape from confinement while awaiting trial on other federal charges, attempting to escape while confined pending charges in another case, and two counts of offering a thing of value to deputy sheriffs.

Mr. Valverde spent twelve years in federal custody, during which time he was required to

forfeit 50% of any wages earned to be applied to his fines. After being released from federal custody, Mr. Valverde was transferred to the State of Florida to serve a state sentence for trafficking in marijuana. Mr. Valverde served 7 years of his state sentence.

Mr. Valverde, III, was released from the Florida prison system on March 18, 2005. During the 19 years Mr. Valverde was incarcerated, the fine imposed by this Court grew to $4,345,930.78.  The original fines imposed by this Court were greatly enhanced due to the application of an 18% interest rate. Additionally, the IRS has a federal tax lien on file in Pasco County, Florida against Mr. Valverde for the amount of $1,759,784.78.

On November 8, 2006, this Court issued an Order reducing Mr. Valverde's term of supervised release to one year from the date of the Order and required Mr. Valverde to pay 10% of his net monthly income toward the fine amount until the completion of the revised term of supervised release.  The Court ordered that the outstanding balance of the fine, including accrued interest, be waived at the end of the revised term of supervised release.

## MOTION TO CLARIFY RULING AND RESENTENCE

In the motion presently before the Court, Mr. Valverde briefly discusses the changes in his circumstances.  Mr. Valverde states that in his last meeting with his parole officer, he was notified that he was denied permission to associate with an individual for whom he had requested permission to work.  He states that he will comply completely, but this has caused him find another job, at age 58, which will result in his loss of over $98,000 in equity he will have earned in the next four months from remodeling and selling homes.  He is now concerned that he will not be able to support his family.  His 70-year-old wife is ill and living in public housing, his step-daughter, who is on food stamps, and his grandson, who is a senior in high school.  Mr.

Valverde also states that he is a Journeyman in Heating and Air Conditioning, but licensing and travel restrictions associated with his parole may hinder his ability to obtain employment that will enable him to take care of the needs of his family.

Mr. Valverde states that the Parole Commission will enforce the portion of the Court's Order releasing him from the fines previously imposed as of November 8, 2007. He also states that the Parole Commission has notified him that his supervised release term will end on November 8, 2007, but the parole term would continue until terminated by the Parole Commission, possibly 35 years from the present. A notice of action dated January 11, 2007, states, "Pursuant to the Court's order of 11-8-2006 in Case Number LR-CR-86-57 and LR-CR-86-132, the Special Parole Term which was to begin on 3-23-2043 is hereby terminated. You continue to be on regular parole until 3-23-2043 for the 57-year sentences imposed by the U.S. District Court in Case Numbers LR-CR-86-57 and LR-CR-86-132." He also states that if it was the Court's intention to release him from all supervision on November 8, 2007, his parole officer, the Government, and the Parole Commission have informed him that he would have to be resentenced.

The Parole Commission and Reorganization Act ("Parole Act") was repealed effective November 1, 1987, but remains in effect as to any individual who committed an offense on or before November 1, 1987.[1] *Benny v. United States Parole Comm'n*, 295 F.3d 977, 981 n.2 (9th Cir. 2002). The Parole Commission retains jurisdiction because Mr. Valverde's offense preceded the effective date of the Sentencing Reform Act of 1984. *See* 18 U.S.C. § 4210

---

[1] It appears that the existence of the Parole Commission was extended to 21 years after November 1, 1987. *See* Pub. L. 109-76 § 2 (referenced in the notes to 18 U.S.C. § 3551).

("Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced . . ."). Additionally, Rule 35 of the Federal Rules of Criminal Procedure, as applicable to offenses committed prior to November 1, 1987, provided:

> **(a) Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> **(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, *within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation*. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Fed. R. Crim. P. 35(b), Rule Applicable to Offenses Committed Prior to Nov. 1, 1987 (emphasis added). The Court can find no basis for correction of the sentence imposed under former Rule 35. Additionally, the time to reduce Mr. Valverde's sentence has passed. Therefore, while the Court had the authority to modify Mr. Valvede's fine pursuant to 18 U.S.C. § 3573(1),[2] and the Parole Commission has terminated the "Special Parole Term," it appears that this Court has no authority that allows it to reduce Mr. Valverde's regular parole term.[3]

      Accordingly,

---

[2] 18 U.S.C. § 3573 states, in part, "This section shall apply to all fines and assessments irrespective of the date of imposition."

[3] The Court notes that it is sending a letter today requesting that the Parole Commission grant the requested relief.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Clarify Ruling and Resentence (Docket No. 99) shall be, and it is hereby, DENIED.

Dated this 14th day of May, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE